UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE | Bankruptcy Case No. 11-64574-fra7 |
| LAURITA MAUREEN ALLEN, | |
| Debtor. | |
| | Adversary Proceeding No. 11-06269-fra |
| LAURITA MAUREEN ALLEN, | |
| Plaintiff, | |
| vs. | |
| BAC HOME LOANS SVC'G, LP BANK OF AMERICA, N.A., AMERICA'S WHOLESALE LENDERS, MERSCORP, FEDERAL NAT'L MTG ASSOC., JOHN DOE, | MEMORANDUM OPINION |
| Defendants. | |

The Debtor filed this adversary proceeding against the Defendants after filing for bankruptcy protection under Chapter 13. The complaint seeks declaratory relief and damages under various state and federal laws for alleged wrongdoing by the Defendants regarding a home loan and the attempted non-judicial foreclosure of such. When the bankruptcy case was converted to Chapter 7, the Chapter 7 Trustee intervened and reached an agreement with defendant Bank of America to settle and compromise the matters under litigation. At the hearing held on September 4, 2012 on the Trustee's motion to settle and compromise, the Court conditionally granted the Trustee's motion, subject to further review of final settlement

Page 1 - MEMORANDUM OPINION

documentation. Defendants thereafter filed a motion for protective order to seal the settlement documents, thereby limiting access to the complete terms of the settlement to include only the parties to the agreement, the court, and certain specified entities. Debtor filed an objection to the motion.

A hearing was held on October 4, 2012 to consider the motion to seal the settlement documents. Counsel argued their respective positions with respect to the motion, but agreed to set the matter over until the Debtor's motion to reconvert to Chapter 13 was resolved. Debtor thereafter withdrew her motion to convert and a hearing was held on October 23, the date originally scheduled to hear the motion to convert. A copy of the Settlement Agreement and Release was provided to the Court and the parties were told that the Court would make a written ruling on the motion for protective order and on approval of the settlement.

A. Motion for Protective Order to Seal Document

"The proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1182 (9th Cir. 2006). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point. . . . A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard. . . . That is, the party must articulate[] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 [citations omitted]. The Ninth Circuit has carved out an exception to the general rule, however, for a "sealed discovery document [attached] to a non-dispositive motion, such that 'the usual presumption of the public's right to access is rebutted'." *Id.* at 1179. [citation omitted]. In that case, a motion for a protective order to seal documents may be granted on a lesser showing of good cause. *Id.* at 1180.

Defendants, while stating in court that a failure to seal the settlement documents is not a deal breaker to the settlement, argue that they consider confidentiality in settlement to be a valuable consideration and an added incentive to settle matters where the primary motivation to settle is to reduce the costs of defense. Because this is not a discovery document attached to a "non-dispositive motion," Defendants have the burden of meeting the "compelling reasons" standard articulated above if the Court is to grant their motion

Page 2 - MEMORANDUM OPINION

for protective order. Having reviewed the Defendants' written submissions and arguments made in court, and the settlement document itself, the Court finds that Defendants have failed to meet the necessary burden. Accordingly, the Settlement Agreement and Release must be submitted as part of the order approving the settlement between the parties.

B. Motion to Settle and Compromise

As already stated, the Court conditionally approved the Trustee's motion to settle and compromise, subject to review of the final agreement. Having reviewed that document, and cognizant of the factors a court must consider in making its determination pursuant to *In re A & C Properties*, 784 F.2d 1377 (9th Cir. 1986), I find that the settlement should be approved.

## CONCLUSION

An order will be entered by the Court denying Defendant's motion for protective order to seal the settlement agreement reached with the Trustee. The Trustee should submit an order to the Court approving the Trustee's Motion to Settle and Compromise. A copy of the Settlement Agreement and Release should be attached to the order as an exhibit.

FRANK R. ALLEY, III
Chief Bankruptcy Judge

Page 3 - MEMORANDUM OPINION